[Cite as *Cordy v. Schwaderer*, 2015-Ohio-3393.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

| | |
|---|---|
| Pamela Cordy | Court of Appeals No. OT-14-046 |
| Appellant | Trial Court No. 08-DR-071 |
| v. | |
| Keith Schwaderer | **DECISION AND JUDGMENT** |
| Appellee | Decided: August 21, 2015 |

* * * * *

Pamela J. Cordy, pro se.

* * * * *

**JENSEN, J.**

{¶ 1} Plaintiff-appellant, Pamela J. Cordy, appeals the November 20, 2014 judgment of the Ottawa County Court of Common Pleas which granted a week of "make-up visitation" to Cordy's ex-husband, defendant-appellee, Keith Schwaderer. For the reasons that follow, we affirm the trial court's judgment.

## I. Background

{¶ 2} Cordy and Schwaderer divorced in 2009. Since then, they have been battling each other over visitation time with their two children. Cordy was awarded legal custody of the children and Schwaderer was permitted visitation every other weekend from Friday at 6:00 p.m. until Monday at 7:30 a.m., overnight visitation on Wednesdays, and four weeks of visitation in the summer, taken in two-week increments.

{¶ 3} Schwaderer moved the trial court for a modification of visitation, seeking an even 50/50 split in time with the children. In an order dated July 29, 2013, the trial court adopted a magistrate's decision dated June 13, 2013, which denied Schwaderer's request, but expanded his summer visitation to six weeks, to be taken in two three-week increments.

{¶ 4} Cordy's attorney concluded that Schwaderer's additional two weeks of summer visitation would begin in the summer of 2014. This is because Ottawa County Local Rule DR-3(4) requires summer visitation to be arranged by May 1. Because the children would be back in school in late August, and because the court's order did not indicate that DR-3(4) would not apply, it was Cordy and her attorney's view that the impracticability of complying with the May 1 notice requirement meant that the additional weeks of visitation granted by the court would not take effect until the following summer. Cordy, therefore, prevented Schwaderer from exercising his two extra weeks of visitation during the summer of 2013.

2.

**{¶ 5}** On August 6, 2013, Schwaderer filed a motion to show cause why Cordy should not be held in contempt of court for violating the July 29, 2013 order, and requested an ex parte order to enforce the July 29, 2013 judgment. The motion was set for an October 18, 2013 hearing. The parties apparently failed to appear for that hearing, and Schwaderer filed an amended motion on October 20, 2013, to request that he be allowed to make up the visitation time even in the event that the trial court were to deny his motion for contempt. The court set the matter for a November 22, 2013 hearing.

**{¶ 6}** Before the November 22, 2013 hearing, the parties reached a partial settlement and Cordy allowed Schwaderer an extra week with the children during their Christmas break at the end of 2013. Schwaderer persisted in seeking the second week of visitation that Cordy denied him. A hearing on Schwaderer's motion took place on May 23, 2014, before a magistrate.

**{¶ 7}** Following the hearing, the magistrate issued a decision declining to find Cordy in contempt, but ordering that Schwaderer be permitted an extra week with the children in August of 2014, tacked on to his regular three-week visit. It observed that nothing in the prior order required a notice period for the two extra visitation weeks.

**{¶ 8}** Schwaderer filed objections to the decision because in addition to tacking the additional week on to the August visit, the decision appeared to have altered the parties' pre-existing visitation arrangement by specifying that Schwaderer's first three-week visitation would begin on the first Saturday of June and the second would begin the

3.

first Saturday of August.  The parties' prior arrangement did not set forth these particular dates.

{¶ 9} Cordy also filed objections both as to the decision to tack on a fourth week of visitation to Schwaderer's August visitation, and to the court's conclusion that no advance notice was required by the order.  Cordy claimed that the notice provision was required by the local rules and that if the court intended for the notice period to be dispensed with, it should have been specified in its order.

{¶ 10} In a November 20, 2014 decision, the court overruled the parties' objections to the magistrate's decision and found Schwaderer's motion to show cause not well-taken.  The trial court adopted the magistrate's decision in a judgment entry dated December 2, 2014.  In the November 20, 2014 judgment—which is the only order at issue on appeal—the court stated that the additional week of visitation could take place either during Christmas of 2014 or Summer Break of 2015.  In her appeal of the November 20, 2014 judgment, Cordy assigns the following errors for our review:

> 1.  The trial court's judgment entry ordering the extra week of visitation must be supported by *either* a finding of contempt or a best interest analysis, neither of which are present in the November 20, 2014 Judgment Entry.

> 2.  The Magistrate's Decision of June 13, 2013 and adopted by the trial court without objection on July 29, 2013 was ambiguous or

4.

incomplete, and is not a proper basis for an extra week of "makeup visitation."

## II. Law and Analysis

**{¶ 11}** Cordy challenges the trial court's decision which awarded an additional week of make-up visitation to Schwaderer. She claims (1) that the July 29, 2013 judgment which expanded Schwaderer's summer visitation was ambiguous as to when that expanded visitation would begin; and (2) by declining to find Cordy in contempt for violating the July 29, 2013 order, the court was without authority to award make-up visitation to Schwaderer.

**{¶ 12}** "[I]t is well-settled in Ohio law that an appellate court's proper role in domestic relations issues is to review the trial court's decision for an abuse of discretion." *Rapp v. Pride,* 12th Dist. Butler No. CA2009-12-311, 2010-Ohio-3138, ¶ 28. We may not substitute our judgment for that of the trial court, and we will reverse the trial court's judgment only where the court has abused its discretion. *Id.* at ¶ 27. "Abuse of discretion" connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 13}** R.C. 3109.051(K), provides, in pertinent part:

If any person is found in contempt of court for failing to comply with or interfering with any order or decree granting parenting time rights * * * the court that makes the finding may award reasonable compensatory

5.

parenting time or visitation to the person whose right of parenting time or visitation was affected by the failure or interference if such compensatory parenting time or visitation is in the best interest of the child.

{¶ 14} According to Cordy, this statute requires a finding of contempt or a finding that additional parenting time is in the best interest of the child before a trial court is authorized to order make-up visitation. We conclude, however, that the trial court acted within its discretion and we find support for the trial court's action in other Ohio cases.

{¶ 15} For instance, in *Detling v. Stottler,* 7th Dist. Belmont No. 96-BA-15, 1999 WL 771069, *2 (Sept. 22, 1999), the trial court declined to find the appellant-mother in contempt for violating a previous visitation order, but nonetheless granted make-up visitation to the appellee-father. Appellant claimed on appeal that the trial court's decision allowing make-up visitation was against the manifest weight of the evidence because there had been no finding of contempt. *Id.* The appeals court clarified that the standard of review of a trial court's order respecting visitation is abuse of discretion, and it explained that "it is axiomatic that a trial court must have discretion to do what is equitable upon the facts and circumstances of each case." *Id.* It ultimately held that the trial court acted within its discretion in granting make-up visitation to the appellee. *Id.*

{¶ 16} Similarly, in *Wooten v. Schwaderer,* 3d Dist. Union No. 14-08-13, 2008-Ohio-3221, ¶ 6, the father, who was the child's residential parent, planned a spring break trip with the child despite the fact that the parents' custody arrangement provided that the mother would have visitation during that time. The mother moved for a contempt order.

6.

*Id.* The trial court overruled the motion for contempt, but awarded compensatory parenting time to the mother nevertheless. *Id.* The court deemed that by granting the additional week of visitation, the trial court acted within its discretion and made the mother whole.

{¶ 17} We reach the same conclusion here. Regardless of whether the July 29, 2013 order granting expanded visitation to Schwaderer was ambiguous as Cordy claims, the trial court determined that Cordy violated that order. It nevertheless declined to find Cordy in contempt for violating the order, in large part, because she acted on the advice of her counsel, but ordered that Schwaderer was entitled to make up the week that Cordy denied to him. In doing so, the trial court properly exercised its discretion to reach an equitable outcome. We find nothing to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable.

{¶ 18} We find both of Cordy's assignments of error not well-taken.

### III. Conclusion

{¶ 19} For the foregoing reasons, we affirm the November 20, 2014 judgment of the Ottawa County Court of Common Pleas. The costs of this appeal are assessed to Cordy under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                                  _____

                                                                         JUDGE

Stephen A. Yarbrough, P.J.    

                                                     _____

James D. Jensen, J.                              JUDGE
CONCUR.

                                                     _____

                                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.